# SUPREME COURT.

WILLIAM TAYLOR, Respondent, vs. DAVID W. SEELEY, Appellant.

Where an appeal from a judgment rendered by a justice of the peace, is heard by the Supreme Court, because of the incompetency of the county judge, the successful party will recover the same costs as if the appeal had been decided by the county judge. He is not in such case entitled to tax the same amount of costs as on an appeal from a judgment of a county court.

*Albany Special Term, March,* 1850.—On the 6th day of December 1848, the above named appellant brought an appeal to the Schoharie County Court, from a judgment rendered against him by a justice of the peace. The county judge refused to hear the appeal, on the ground that

he had been consulted as counsel, and filed his certificate under 31st section of the Judiciary Act, by which jurisdiction was vested in the Supreme Court. The Supreme Court, at February term, 1850, reversed the judgment of the justice. The costs were taxed on due notice by the clerk of Schoharie, who allowed to the appellant:

|  |  |  |
|---|---|---|
| For proceedings before argument, | $15 | 00 |
| For argument, | 30 | 00 |
| And for five different terms that the cause was on the calendar, and not reached, | 50 | 00 |

These items were objected to, and the respondent moves for a re-taxation.

TH. SMITH, *for plaintiff*.

J. S. HAWES, *for defendant*.

PARKER, Justice.—The question to be decided on this motion is whether the appellant is entitled to the same costs as on an appeal from a County Court to the Supreme Court, or whether he is limited to the costs he would have recovered if the appeal had been heard in the County Court. This must be decided under the code of 1849, which was in force at the time of the reversal of the judgment.

Where the county judge is incompetent to hear the appeal, the Supreme Court is authorized to act in his place. Jurisdiction is conferred for that purpose by the 31st section of the Judiciary Act, which provides, that on filing the certificate of the county judge " such proceedings shall be had therein, according to the practice of such court, as might have been had in such county court, if such cause or matter had remained therein."

On appeals from judgments rendered by courts of justices of the peace to County Courts, the successful party recovers fifteen dollars on reversal, and twelve dollars on affirmance. (Code, § 371.) I think no greater compensation can be recovered where the cause is heard by the Supreme Court. It is still an appeal from a judgment of a justice of the peace, and heard by the Supreme Court in the place of the county judge. It is not certainly the fault of the respondent, or of the opposite party, that the county judge was incapacitated to hear the appeal, and I think it could not have been intended to inflict upon the unsuccessful party a bill of costs, six times greater than it would have been if it had been decided by the County Court. The proceedings throughout are to be the same as if the cause had remained in the County Court.

The costs allowed by section 307, sub. 6, are not applicable to this case. It is true the language is broad enough to include every case of

appeal except an appeal to the Court of Appeals; but it cannot be construed as applicable to an appeal, the costs of which are specially provided for by section 371. Both sections must be consulted, in ascertaining the intent of the act.

There must be a re-taxation, neither party to have costs of this motion.