# SUPREME COURT.

## JAMES O'CALLAGHAN agt. MARGARET CARROLL.

Where an appeal is taken from a judgment of a justice of the peace, to the county court, and the county court, as it is authorized to do by the 13th subdivision of § 30 of the Code, (in cases where the county judge is disqualified from hearing the appeal,) transfers the action to the supreme court, the appellant on the reversal of the judgment is entitled to the same *costs* only as if the reversal had been rendered by the county court, to wit: $15, together with the fees of officers, and disbursements.

The allowance for costs on appeal, provided by the 5th subdivision of the 307th section of the Code, is only applicable to appeals to the supreme court. An appeal above mentioned is not made to the supreme court, but to the county court, and is by operation of law *transferred* to the supreme court.

O'Callaghan agt. Carroll.

*Albany Special Term, October,* 1857.

COSTS on appeal. The plaintiff recovered a judgment against the defendant in the Troy justices' court, for one hundred dollars, besides costs. The defendant appealed to the county court of Rensselaer county. The county judge being disqualified from hearing the appeal, the case was transferred to the supreme court, in the manner prescribed in the 13th subdivision of the 30th section of the Code.

The appeal having been argued before the supreme court the judgment of the justices' court was reversed. Upon the taxation of the costs upon such reversal, the attorney for the appellant claimed to be allowed $15 for proceedings before argument, and $30 for the argument, besides $10 for a calendar fee, at a term when the cause was not reached. The clerk disallowed these items, and allowed $15 for the costs upon the reversal, together with disbursements. From this taxation the defendant appealed.

R. A. PARMENTER, *for plaintiff.*
C. W. ROOT, *for defendant.*

HARRIS, Justice. The appeal was to the county court, as required by the 352d section of the Code. There was no other appeal in the case. The county court, as it was authorized to do by the 13th subdivision of the 30th section of the Code, transferred the action to this court, which thereby, and not by virtue of any appeal, acquired jurisdiction of the action.

The 371st section of the Code, authorizes an allowance to the appellant, upon the reversal of a judgment on appeal from a justices' court to the county court, of fifteen dollars, together with the fees of officers and disbursements. This was such an appeal. It was not the less so, because by operation of law, it was transferred to, and the judgment of reversal was rendered by this court. The allowance provided by the 5th subdivision of the 307th section of the Code, is only applicable to appeals to this court. In this case there was no such appeal, and there being none, the defendant was not entitled to have

her costs taxed under this provision. (*See Taylor* agt. *Seeley,* 4 *How.* 314.) There was no error in the taxation, and the motion should therefore be denied, but without costs.