HORNING *v.* SMITH.

*(Fulton County Court.*   October, 1890.)

COSTS—ON APPEAL FROM JUSTICE—TERM FEES.

    Code Civil Proc. N. Y. § 3251, subd. 3, relating to costs, which provides that $10 shall be allowed "for each term of * * * a county court, not exceeding five, at which the cause is necessarily on the calendar," does not apply to a cause in the county court on appeal from a justice of the peace, where a new trial is not demanded in the appellate court. In such case, costs are regulated by section 3067, which provides that on such appeals there shall be awarded "to the appellant, upon reversal, thirty dollars."

    Action in a justice's court by Francela A. Horning against David Smith, Jr. Judgment was rendered for defendant, and plaintiff appealed to the county court on questions of law, and did not demand a new trial. The county court reversed the justice's judgment, with costs. Defendant (respondent) now moves for a new taxation of costs.

    *F. B. Towman,* for plaintiff.   *R. P. Anibal,* for defendant.

    KECK, J. The plaintiff and appellant had taxed in her bill of costs the following items, viz.:

| | |
|---|---:|
| Costs by statute on reversal, | $30 00 |
| Four term fees, $10 each, | 40 00 |
| Costs paid to justice when appeal taken, | 7 00 |
| Costs entitled to, in justice's court, had plaintiff succeeded, | 1 15 |
| Three calendar fees, | 1 50 |
| Clerk's fees entering order of reversal, | 50 |
| "    "    " judgment, | 50 |
| Filing execution and entering satisfaction, | 31 |
| Sheriff's fees on execution, | 69 |
| | |
|    Total, as taxed, | $81 65 |

    Objections were made by the defendant to the allowance by the clerk of the four term fees, amounting to $40; also to the $1.50 item for calendar fees, to the amount of $1; and to the item of $31 for filing, execution, etc., to the amount of 19 cents,—in all, $41.19; and he asks to have such items so objected to disallowed, and stricken from the aggregate amount of costs entered in the judgment.

    It was conceded upon the argument of the motion that the two last items of $1 and 19 cents should be disallowed, but contended by the plaintiff's attorney that the four items of $10 each for term fees, for the four terms the case was upon the court calendar for argument, and not disposed of, were right, and should not be disallowed. Now, upon the reversal of the judgment, the plaintiff and appellant was entitled to the sum of $30, as taxed by the clerk, under section 3067 of the Code of Civil Procedure, which gives to an appellant that sum upon reversal of a judgment; and also, by other sections of the Code, entitled to her disbursements, the particular items of which need not here be considered. This appeal was one under section 3062 of the Code, wherein the plaintiff and appellant did not demand a new trial in the appellate court; consequently, the question as to who is entitled to costs is regulated by section 3066 of the Code of Civil Procedure, and the amount is fixed by the next section. "If the judgment is reversed, costs must be awarded to the appellant," (subdivision 4, § 3066,) and, "upon an appeal provided for in this article, costs, when awarded, must be as follows, besides disbursements: To the appellant, upon reversal, thirty dollars; to the respondent, upon affirmance, twenty-five dollars," (section 3067.) Under these provisions, then, is the plaintiff and appellant entitled to anything more than this sum of $30, besides disbursements? Can she have these term fees, amount-

ing in the aggregate to $40, included in her bill of costs? It is claimed by her counsel that she is entitled to them by virtue of the last clause of subdivision 3 of section 3251 of the Code of Civil Procedure, which is as follows: "For one term of the marine court of the city of New York at which the cause is necessarily on the calendar, and for each term of the circuit court, or trial term or special term of the supreme court, a superior court, or a county court, not exceeding five, at which the cause is necessarily on the calendar, excluding the term at which it is tried, or otherwise finally disposed of, $10." This provision is not found, however, within the article or title which regulates costs in cases of appeals of this nature, but in an entirely different article, title, and chapter of the Code, and applies only to cases in the county court, when trial of such cases are had therein, and has no application whatever to a case like the one in hand. By comparing the provisions of section 3067 of the Code of Civil Procedure, which, in my opinion, controls this case, with section 371 of the Code of Procedure, which, when in force, governed like cases, it will be seen that they are the same, excepting as to the amount to be awarded upon reversal or affirmance; and section 307 of that Code made substantially the same provisions for costs in other cases than those mentioned in section 371, and in language, force, and effect stood in substantially the same relation to it that section 3251, subd. 3, of last clause above quoted, does to section 3067 of the present Code, and several well-considered cases may be cited wherein it was held that the two sections were entirely independent of each other, and governed different and distinct classes of cases, and that the provisions of section 307 could not be so construed as to be in aid or enlargement of the costs fixed and given by section 371, in case of an appeal like the one under consideration. In the case of *Taylor* v. *Seeley*, 4 How. Pr. 314, which arose in justice's court, and was appealed to the county court on question of law, and, by reason of the disqualification of the county judge, transferred into the supreme court, and there argued and decided, the costs were taxed in accordance with the provisions of section 307 of the Code of Procedure, corresponding, as I have said, with the last clause of subdivision 3, § 3251, at a much larger sum than could have been had under section 371, corresponding to section 3067; and, on motion to correct the same, it was held by PARKER, J., that the costs allowed by section 307, subd. 6, were not applicable to the case, and he said: "It is true the language is broad enough [section 307] to include every case on appeal, except an appeal to the court of appeals; but it cannot be construed as applicable to an appeal, the costs of which are specially provided for by section 371. Both sections must be consulted in ascertaining the intent of the act." In the case of *O'Callaghan* v. *Carroll*, 16 How. Pr. 327, which was also transferred to the supreme court by reason of the disqualification of the county judge to hear it, and there decided, and the judgment reversed. Thereupon the attorney for the successful party claimed to be allowed $15 for proceedings before argument and $30 for argument, besides $10 for term or calendar fee, all of which were disallowed by the clerk, and $15 for cost upon reversal, and disbursements only allowed, and, upon an appeal from such disallowance, HARRIS, J., before whom the matter came, sustained the decision of the taxing officer, and held that the provisions of section 371 controlled the disposition of the case.

If these decisions are right, and I believe they are, then the defendant is sustained by authority in his position in this case. It is true that a reference is made in section 3251, subd. 3, last clause above cited, to county court and calendar fee therefor, and none found in section 307 of the Code of Procedure, which I have referred to, and it is therefore suggested that a different interpretation might be given to it by reason of this difference; but, conceding the difference nevertheless, those provisions cannot, in my opinion, be so construed as to apply to a case in the county court, unless it is one prosecuted therein as an original action, and not brought there by way of an appeal, either

upon questions of law or for a new trial. If for the latter, then section 3073 of the Code of Civil Procedure controls and regulates the costs; hence the provisions of section 3251, subd. 3, can have no bearing upon the question of costs in a case like this, where the appeal is upon questions of law only, and cannot be invoked nor applied in support of the allowance of term fees, or any costs excepting disbursements, besides the sum of $30 given to the appellant upon reversal of the judgment.

The allowance by the taxing officer of the four term fees and the $1 and 19 cents, in all $41.19, was wrong, and the same must be disallowed, and the aggregate amount deducted from the amount entered in the judgment, and credited upon the execution which has been issued thereon, and an order is directed to be entered accordingly, but without costs of this motion.